# LEWIS & LIN LLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/2021

Brett E. Lewis
David D. Lin

Michael D. Cilento
Roberto Ledesma
Justin Mercer
Lauren Valli
Yuanjun Zhu

**MEMORANDUM ENDORSED**

77 Sands Street, 6th Floor
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: Justin@iLawco.com

April 13, 2021

<u>Via ECF</u>

Hon. Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

  Re: *Global Refining Group, Inc. v. PMD Analysis Inc. et al.*, Case No: 1:21-cv-532

Dear Judge Woods:

  Pursuant to Your Honor's Individual Rule 4(A)(ii), Plaintiff Global Refining Group, Inc. respectfully moves the Court for approval of (a) the redaction of certain trade secret and confidential information within, and (b) the sealing of two exhibits (11 and 12) attached to the concurrently-filed Supplemental Declaration of Iga Wolotowski dated April 13, 2021 ("Supp. Wolotowski Decl.") in further support of Plaintiff's Motion for a Preliminary Injunction [DE 27].

  Given the limited briefing schedule, Plaintiff has not had the opportunity to meet and confer with counsel for Defendants in advance to narrow the scope of the request, Your Honor's Individual Rule 4(A)(ii). However, given the materials and information sought to be redacted and/or sealed are Plaintiff's alone, Plaintiff asks that the Court either dispense with the conferral directive — in this instance only and under these limited, unique circumstances — or permit the documents to remain redacted and/or under seal until Plaintiff can confer with Defendants pursuant to Your Honor's Individual Rules.

  As for the bases for the redaction and sealing, this case involves claims for misappropriation of trade secrets, copyright infringement, unfair competition, and breach of contract regarding Plaintiff's trade secrets in its proprietary database of laboratory metallurgical assay compositional analysis and pricing information for tens of thousands of catalytic

LEWIS & LIN LLC

converters. The proposed redactions and sealed exhibits include information about the password-protected "Global Mobile" App, which Plaintiff alleges contains its proprietary, photo-sorted, trade secret database of assay and pricing information about those catalytic converters.

Plaintiff's proposed, limited redactions appear in Blue within the Supp. Wolotowski Decl. Proposed Exhibit 11 includes a screenshot of the specific pricing available on Global Mobile App. Further, the specific portion of the Supp. Wolotowski Decl. and proposed Exhibit 12 includes a screenshot of the Global Mobile App and specific information about how the Defendants likely manipulated and reverse engineered Global's pricing information for use on their Infringing Website.

Plaintiff contends the disclosure and/or exposure of the pricing information or manipulation possibilities of the Global Mobile App   albeit protected by contract and the common law   could allow Global's competitors to develop products to further compete with Global, used by third parties to gain an unfair advantage in business negotiations or otherwise be prejudicial to Global's business interests. Each of these legitimate bases are legitimate enough "to rebut the public's presumption of access to judicial documents." *See Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Accordingly, Plaintiff requests that the Court grant the instant motion and approve the proposed redactions and sealing.

We thank the Court for its consideration.

Respectfully submitted,

Application granted in part and denied in part. In Mirlis v. Greer, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" Id. (quoting United States v. Erie Cty., 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. (quoting Amodeo, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Id.

Having evaluated these factors, the motion to seal is granted in part and denied in part. The documents sought to be sealed are judicial documents. However, the weight of the presumption is low; the information sought to be sealed was significant in the Court's assessment of the application. The factors that counsel against disclosure described in this letter—principally the potential commercial impact on Plaintiff outweigh the public's interest in disclosure of the sealed records at this time—with one exception. The redacted text in paragraph 11 of the Wolotowski declaration does not appear to contain such commercially sensitive information; it provides relative pricing information without disclosing the underlying pricing. As a result, the motion to seal is granted with respect to the materials other than the redaction to that paragraph. Plaintiff is directed to file a new version of that document on the public document with the text in paragraph 11 visible to the public no later than October 30, 2021.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 36.

SO ORDERED.

Dated:  October 20, 2021
New York, New York

GREGORY H. WOODS
United States District Judge