USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
     :
GLOBAL REFINING GROUP, INC.,                 :
     :
                                          Plaintiff,   :                 1:21-cv-532-GHW
     :
            -against-          :                 ORDER
     :
PMD ANALYSIS INC. a/k/a/ ANALYSE PMD     :
INC., ROBERT TURCOTTE, and MONICA      :
ARMSTRONG,     :
     :
                                      Defendants.  :
     :
----------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

On October 26, 2021, the parties filed a joint letter to compel discovery. Dkt. No. 68. On October 26, 2021, Plaintiff moved to seal certain information contained in that letter. Dkt. No. 67. And on October 29, 2021, Defendants filed a separate motion to seal several exhibits annexed to the joint letter Dkt. No. 71. The Court resolved the underlying discovery dispute at a conference held on November 5, 2021, but the Court did not rule on the motions to seal at the time. The Court takes up those motions now. For the reasons that follow, the parties' motions to seal are granted.

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and whether the document may be filed under seal. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the record sought to be sealed is a judicial document, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III

judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motions to seal are granted. The documents sought to be sealed are judicial documents. However, the weight of the presumption is low because the information sought to be sealed was not meaningful in the Court's assessment of their application—in fact, it was basically meaningless. Furthermore, the factors that counsel against disclosure described in their motions to seal—principally the potential commercial impact on the parties from public disclosure of proprietary information—outweigh the public's interest in disclosure of the sealed records at this stage of the case. As a result, the motions to seal are granted.

For the avoidance of doubt, the Court's determination that the documents may be sealed at this time is based on an assessment of the relevant factors in connection with the letter at issue. The parties should not expect that the Court will reach the same conclusion with respect to this information in a different procedural context, and the parties should not expect that records used at trial will be sealed.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 67, 69 and 71.

SO ORDERED.

Dated: April 25, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge