**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X

GLOBAL REFINING GROUP, INC.,                    :

         Plaintiff,                    :

  -against-                    :

                       Case No.: 1:21-cv-00532 (JLR)

PMD ANALYSIS INC. a/k/a ANALYSE PMD    :
INC., ROBERT TURCOTTE, and MONICA
ARMSTRONG,                    :

         Defendants.                    :

------------------------------------- X

**[PROPOSED] ORDER GRANTING MOTION FOR ENTRY**
**OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Having considered the Motion for Entry of Default Judgment and Permanent Injunction

(the "Motion") of Plaintiff Global Refining Group, Inc. ("Plaintiff" or "Global"), filed on

January 20, 2023, and all relevant papers and pleadings on file with this Court,

IT IS HEREBY ORDERD AND ADJUDGED AS FOLLOWS:

1.      This Court has personal jurisdiction over PMD Analysis Inc. a/k/a Analyse PMD

Inc., Robert Turcotte, and Monica Armstrong (collectively, "Defendants") because Defendants

directly target their business and activities in this District and because Defendants have accepted

service of and responded to the complaints in this case without moving to dismiss for lack of

personal jurisdiction.  In addition, this Court has subject matter jurisdiction over this action under

18 U.S.C. § 1836 and 28 U.S.C. § 1338 because Plaintiff's claims for which it seeks default

judgment arise under the following Federal statutes: 15 U.S.C. § 1125(a)(1)(B); 18 U.S.C. §§

1832(a) & 1836, 17 U.S.C. § 101 *et seq.* and 17 U.S.C. § 1201 *et seq.*  In addition, this Court has

supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 because

they involve the same parties, arise from the same operative facts common to the causes of

action arising under the federal claims, and because the exercise of supplemental jurisdiction

serves the interests of judicial economy, convenience, and fairness to the parties.

2.    This Court grants the Motion in its entirety upon this Court's determination that

Plaintiff has established that Defendants are liable on all claims asserted in the First Amended

Complaint (Dkt. # 106) and default judgment against Defendants on those counts is warranted.

3.    With respect to damages, this Court awards Plaintiff:  (A) statutory damages

pursuant to 17 U.S.C. § 1203, in the amount of $ _____ per each of the 8,079 violations at

issue here, for a total amount of _____ (the "Total Amount").  In addition,

Plaintiff shall be awarded reasonable attorneys' fees and costs pursuant to 17 U.S.C. §§ 505,

1203(b) and 18 U.S.C. § 1836(b)(3)(D), and no later than 14 days after entry of this Order,

Global shall submit an affidavit or declaration supporting the legal fees and costs incurred.

Furthermore, post-judgment interest shall be applied to the Total Amount, as well as the

attorneys' fees and costs awarded, pursuant to the terms of 28 U.S.C. § 1961, beginning on the

date of this Order until paid.

4.    With respect to equitable relief, this Court enters a permanent injunction enjoining

Defendants, their officers, agents, servants and employees and any persons in active concert or

participation with them (collectively, the "Enjoined Entities"), including but not limited to

Internet Service Providers ("ISPs"), as follows:

   a.  The Enjoined Entities are enjoined from continuing to use, sell, operate,

       reverse-engineer, or employ any intellectual property, confidential

       information, proprietary information, or trade secret of Plaintiff, including on

       the www.converterdatabase.ca website and/or any and all social media

Case 1:21-cv-00532-JLR-BCM    Document 157    Filed 01/20/23    Page 3 of 4

websites or accounts, including but not limited to Facebook, Twitter and LinkedIn, associated with or used by any of the Enjoined Entities;

b.  The Enjoined Entities are enjoined from operating, advertising, marketing and/or hosting websites or social media accounts that are involved with the distribution, use or promotion of information and data obtained, modified, reproduced and/or derived from Global's Mobile App;

c.  Those in privity with the Enjoined Entities and with actual notice of this Order, including but not limited to social media platforms Facebook, LinkedIn, Twitter, ISPs and/or Internet search engines including but not limited to Google, Bing and Yahoo, shall, within seven business days of receipt of this Order:

(i)     disable and cease providing services for or in support of the www.converterdatabase.ca website, including but not limited to social media websites or accounts associated with or used by any of the Enjoined Entities that link to, promote, advertise or reference the www.convertererdatabase.ca website and

3

4

        (ii)      take any and all steps necessary to prevent links or redirection to

the www.converterdatabase.ca website, including removing links

to www.converterdatabase.ca from any search index.

Dated:  New York, New York
            _____, 2023


SO ORDERED.



_____
THE HONORABLE JENNIFER L. ROCHON
United States District Judge