UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL REFINING GROUP, INC.,<br><br>       Plaintiff,<br><br>-against-<br><br>PMD ANALYSIS INC. also known as ANALYSE PMD INC., ROBERT TURCOTTE, and MONICA ARMSTRONG,<br><br>       Defendants. | Case No. 1:21-cv-00532 (JLR) (BCM) |
| ROBERT TURCOTTE, D/B/A PREMIUM CATALYTIC CONVERTER REFINING,<br><br>       Plaintiff,<br><br>-against-<br><br>GLOBAL REFINING GROUP, INC.,<br><br>       Defendant. | Case No. 1:21-cv-09182 (JLR) (BCM)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On January 21, 2021, Global Refining Group, Inc. ("Global"), Plaintiff in the action captioned *Global Refining Group Inc. v. PMD Analysis Inc.*, *et al.*, Case No. 1:21-cv-00532 (JLR) (BCM) (hereinafter "Global Action"), and Defendant in the action captioned *Turcotte, et al. v. Global Refining Group, Inc.*, Case No. 1:21-cv-09182 (JLR) (BCM) (hereinafter "Turcotte Action"), commenced the Global Action asserting, among other claims, a violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and copyright infringement against PMD Analysis, Robert Turcotte, and Monica Armstrong ("Defendants"). *See* 21-cv-00532, ECF No. 1. Soon after, Robert Turcotte, a defendant in the Global Action, filed the Turcotte Action in the Eastern District of Virginia against Global, asserting, among other claims, that Global had breached its agreement with Turcotte; Global asserted counterclaims. *See* 21-cv-09182, ECF No. 1. That action was subsequently transferred to the Southern District of New York. After

discovery, a bench trial was scheduled for February 2023. On October 26, 2022, the Court permitted Defendants' counsel to withdraw from the action because Defendants had failed to communicate with, or pay, their attorneys. *See* 21-cv-00532, ECF Nos. 139, 144; 21-cv-09182, ECF Nos. 84, 89. Since before the motion to withdraw was filed by their counsel, Defendants have had no contact with the Court despite repeated orders.

On December 6, 2022, Global requested a certificate of default on its claims in the Global Action and counterclaims in the Turcotte Action, which the Clerk of Court entered on December 7, 2022. *See* 21-cv-00532, ECF Nos. 149-151; 21-cv-09182, ECF No. 92-94. On January 20, 2023, Global moved for default judgment, a permanent injunction, and to dismiss the remainder of Defendants' claims. *See* 21-cv-00532, ECF No. 155; 21-cv-09182, ECF No. 98.[1] Defendants have not appeared or otherwise opposed Global's motions. On August 15, 2023, Magistrate Judge Barbara Moses issued a Report and Recommendation with respect to those motions ("Report"). *See* 21-cv-00532, ECF No. 171; 21-cv-09182, ECF No. 106. The Report recommends that the Court grant Global's motion for default judgment in the Global Action on two counts, award $20,197,500 in statutory damages, enter a permanent injunction, and dismiss the remaining claims. *See* Report at 3, 38-39. As to Global's motion for default judgment with respect to Global's counterclaims in the Turcotte Action, the Report recommends that default be denied but Global's Rule 41(b) motion for dismissal of Turcotte's claims be granted. *Id*. at 4, 39. The Report warns, in bold text, that failure to timely object within 14 days of being served would result in waiver of the right to object and preclude appellate review. *Id*. at 39. Plaintiff served the Report on Defendant on August 16, 2023. *See* 21-cv-00532, ECF No. 172; 21-cv-09182, ECF No. 107. Neither party has filed any objections to the Report.

---

[1] On April 4, 2023, Global also moved for attorneys' fees. *See* 21-cv-00543, ECF Nos. 165-169. By separate order, the Court will refer that motion to Magistrate Judge Moses.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Rule 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Report has passed and no party has filed any objection. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Court finds that the Report's reasoning and conclusions are thorough and sound, grounded in fact and law, and not clearly erroneous.

Accordingly, the Court adopts the Report in its entirety. As to the Global Action, the following is ordered:

    i. Global's motion for a default judgment (21-cv-00532, ECF No. 155) is GRANTED;

    ii. Judgment on Counts I and VII of the FAC (for breach of the DTSA and the DMCA, respectively) is entered in favor of Global and against all three Defendants;

  iii. Global is awarded $20,197,500 in statutory damages under the DMCA, which are assessed jointly and severally against all Defendants, together with post-judgment interest at the statutory rate;

  iv. Defendants, and all those acting in concert with them, are permanently restrained and enjoined from collecting, reverse-engineering, copying, duplicating, sharing, re-posting, republishing (including to any website or social media account), or otherwise disseminating, whether in its original form or in a modified form, any data, information, or images obtained or derived from Global's website or from the App;

  v. Global's remaining claims in the action captioned 21-cv-00532 are DISMISSED.

As to the Turcotte Action, Global's motion (21-cv-09812, ECF No. 98) is DENIED in part and GRANTED in part. Global's motion for default as to its counterclaims in the Turcotte Action is DENIED, and its motion for Rule 41(b) dismissal of the plaintiffs' claims in that action is GRANTED. All claims in the case captioned 21-cv-09812 are therefore DISMISSED.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to enter judgment for Global consistent with this Order, and CLOSE both cases.

Dated: September 5, 2023
  New York, New York

                  SO ORDERED.

                  *Jennifer Rochon*
                  JENNIFER L. ROCHON
                  United States District Judge