UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL REFINING GROUP, INC.,

                        Plaintiff,

-against-

PMD ANALYSIS INC. a/k/a ANALYSEPMD INC., ROBERT TURCOTTE, and MONICA ARMSTRONG,

                        Defendants.

Case No. 1:21-cv-00532 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On January 21, 2021, Global Refining Group, Inc. ("Plaintiff") commenced this action under federal and state law against PMD Analysis Inc., Robert Turcotte, and Monica Armstrong (collectively, "Defendants"). ECF No. 1. On January 20, 2023, Plaintiff moved for default judgment against Defendants. ECF No. 155. On March 1, 2023, Court referred the motion to the magistrate judge for a report and recommendation. ECF No. 161. On August 15, 2023, the magistrate judge recommended that the Court enter default judgment against Defendants. ECF No. 171. On September 5, 2023, the Court adopted in its entirety the magistrate judge's recommendation and report on the default-judgment motion. ECF No. 173.

On April 4, 2023, Plaintiff moved for attorney's fees. ECF No. 165. On September 6, 2023, the Court referred the motion to the magistrate judge for a report and recommendation. ECF No. 174. On December 8, 2023, the magistrate judge issued a report and recommendation advising that Plaintiff should be awarded $204,601.16 in attorney's fees and $9,322.00 in costs, for a total award of $213,923.16. ECF No. 176 (the "Report") at 11-12. Objections were due 14 days later, that is, on December 22, 2023. *Id.* The Report warned, in bold font, that failure to timely object would result in a waiver of objections and preclude appellate review. *Id.* at 13.

1

The December 22, 2023 deadline has now passed and no objections have been filed to the Report. For the following reasons, the Court adopts the Report in full (with one modification, discussed below).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, --- F. Supp. 3d ----, 2023 WL 4406156, at *1 (S.D.N.Y. July 7, 2023) (quoting *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019)). "A party's 'failure to object timely to a report waives any further judicial review of the report' so long as the party received 'clear notice of the consequences of their failure to object.'" *Id.* (quoting *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Here, neither party has submitted objections to the Report. The Court therefore reviews the Report for clear error. *See id.* The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous, except for one potentially ambiguous item. In the attorney-fees portion of the Report, the magistrate judge "recommend[s] awarding plaintiff $204,601.16 in attorney's fees." Report at 11. The magistrate judge explains that she reached this figure by "reduc[ing] the requested fee ($256,855.45) by $80 per hour for each of the 13.8 hours billed by [a] paralegal [employed by counsel for Plaintiff], a reduction of $1,104, and then reduc[ing] the remainder by 20%. Expressed in simplified form: ($256,855.45 - $1,104) * 0.8 =

2

$204,601.16." *Id.* at 11 n.3.  In the conclusion of her report, however, the magistrate judge states that she "recommends awarding plaintiff $204,601.56 in attorneys' fees." *Id.* at 12.  The Court finds that the extra 40 cents included in the conclusion's statement of the fee award (that is, 56 cents rather than 16 cents) was a typographical error, and that the magistrate judge only intended to recommend that Plaintiff be awarded $204,601.16 in attorney's fees.  Otherwise, the Court ADOPTS the thorough and well-reasoned Report in its entirety.

The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiffs in the total amount of $213,923.16, as set forth herein, plus post-judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment.

In light of the clear notice provided in the Report, the lack of any timely objections precludes appellate review of this decision.  *See Frank*, 968 F.2d at 300.

Dated: December 26, 2023
       New York, New York

                                                          SO ORDERED.

                                                          JENNIFER L. ROCHON
                                                          United States District Judge